**IN THE COURT OF APPEALS OF IOWA**

No. 22-1914
Filed March 8, 2023

**IN THE INTEREST OF D.G.,**
**Minor Child,**

**S.R., Mother,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Wapello County, William S. Owens,

Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Patricia J. Lipski, Washington, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Samuel K. Erhardt, Ottumwa, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child born in 2010. She contends (1) the department of health and human services failed to make reasonable reunification efforts and (2) termination was not in the child's best interests.

## I.    *Reasonable Efforts*

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The mother asserts the department did not assist her with appropriate mental-health services, referrals for home health/sanitation services, referrals for other suitable housing, substance-abuse treatment alternatives, transportation, employment, and other services and did not consider her "comprehension difficulties or other cognitive deficits" until it was too late. On our de novo review, we disagree.

The department intervened in mid-2020 based on concerns that the mother "was using methamphetamine while being the primary caregiver for her" child and concerns that she lacked appropriate housing. Drug screenings were positive for methamphetamine and marijuana. The mother agreed to a safety plan. Three months later, she again tested positive for methamphetamine. She acknowledged using methamphetamine in the same month that the safety plan was implemented.

The State applied to have the child temporarily removed from the mother's custody. The district court granted the application. The court later adjudicated the child in need of assistance.

The mother continued to test positive for methamphetamine. Her substance-abuse counselor recommended inpatient treatment. The mother initially declined, stating she did not want to lose her job, but after she lost her job anyway, she agreed. She entered an inpatient program approximately twenty-one months after the department's initial involvement.

The mother successfully completed the three-month program. She attended outpatient treatment, tested negative for methamphetamine on urine tests, and regularly met with a service provider to pursue housing options. The service provider lauded her progress, as did the department's social work case manager.

A month before the termination hearing, the mother tested positive for methamphetamine on a hair test. She also failed to keep her mental-health therapy appointments despite a history of disabling anxiety and depression that contributed to her inability to remain sober.[1] She continued to lack appropriate housing for herself and the child.

The department was not to blame for these setbacks. The agency provided extensive drug-treatment services, facilitated mental-health therapy, and assisted the mother in her efforts to obtain appropriate housing. The department was so invested in the goal of reunification that it advocated for a six-month postponement of a scheduled termination hearing. Even after the mother tested positive for methamphetamine prior to the rescheduled hearing date, both the case manager and the primary service provider expressed beliefs that the mother was sober, and

---

[1] The mother walked into a clinic for a single session the month before the termination hearing.

they continued to afford her services, including supervised visits with the child. As for the mother's present contention that they failed to consider her cognitive abilities, the mother acknowledged the case manager regularly checked in with her and gave her lots of reminders, which were helpful. We conclude the department satisfied its reasonable-efforts obligation.

## II.    Best Interests

Termination must be in the child's best interests. Iowa Code § 232.116(2) (2022). The mother argues the district court should have chosen alternatives to termination, such as a grant of additional time or the creation of a guardianship with her adult daughter or the child's foster family.

A court may grant a parent additional time to facilitate reunification. *See* Iowa Code § 232.104(2)(b). As noted, the department advocated for a six-month extension and obtained a postponement of a 2021 termination hearing. The district court considered that extension in denying the mother's request for another one. The court stated, "[T]he law does not permit the court to grant additional time beyond the six months prescribed by statute." And, even if the law permitted another extension, the court stated the mother's progress was "clouded by the fact that [she] continued to test positive for methamphetamine use based on random hair screens in 2022." We agree with the court's reasons for declining to invoke this permanency option following the termination hearing.

The creation of a guardianship was similarly problematic. The case manager noted that the mother's adult daughter cared for the child at the outset, then advised the department "she couldn't do it anymore." More recently, drug paraphernalia found in the daughter's home caused some "hesitation" in the

department's consideration of a guardianship with her, and the condition of her apartment was also a concern. The case manager additionally declined to recommend a guardianship with the child's current foster parents, indicating that termination of parental rights and adoption were the better options. On our de novo review, we agree with this reasoning and with the district court's statement that "the age of the child, the length of time the child has been removed, the lack of substantial progress toward reunification, and the availability of other viable permanency options" militated against the creation of a guardianship. *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) ("[A] guardianship is not a legally prefereable alternative to termination." (citation omitted)).

We affirm termination of the mother's parental rights to the child.

**AFFIRMED.**